MICHAEL REINHOLTZ ET UX. *vs.* EDWARD S. CARLSON ET AL.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

Reasons of appeal based solely on the trial court's memorandum of decision, unsupported by any finding of facts, cannot be considered by this court.

A verdict against an alleged principal as well as the agent, cannot be sustained as to the former, in the absence of any evidence whatever of the asserted agency.

The evidence in the present case reviewed and the verdict against the alleged principal, who took no part in the negotiations, *held* to have been wholly without justification.

Argued October 25th—decided December 13th, 1923.

ACTION to recover damages sustained by the plaintiffs from the alleged fraud and deceit of the defendants in obtaining from the plaintiffs a promissory note for $5,000 payable on demand, instead of one for that sum payable in yearly instalments of $200, pursuant to their agreement, brought to the Superior Court in Fairfield County and tried to the jury before *Wolfe, J.;* verdict for the plaintiffs for $2,500, which the trial judge set aside,

and from this decision the plaintiffs appealed. *Error in setting aside the verdict against the defendant Casey, and no error in setting it aside as to the defendant Carlson.*

The complaint alleges that the defendant Casey, acting as agent for the defendant Carlson, entered into a written agreement, Exhibit A, for the sale to the plaintiff of a piece of land owned by Carlson, of which the following is a copy: "Received from Michael Reinholtz one hundred ($100) dollars, deposit on premises number 67–69 Englewood Avenue, Bridgeport, Conn. The full purchase price being six thousand and five hundred ($6,500) dollars, payments to be made as follows, fifteen hundred ($1,500) dollars in cash to be paid on or before May 15, 1920, the balance Five thousand ($5,000) dollars to be arranged by mortgages. Yearly payments on mortgage, two hundred ($200) dollars, with interest six (6) per cent on all unpaid balances payable semi-annually. (Signed) J. J. Casey."

The complaint interprets this agreement by alleging that in accordance therewith the unpaid balance for the sale of the property was to be secured by a mortgage payable at the rate of $200 a year. In fact there were already two mortgages on the property; a first mortgage for $2,800, and a second mortgage for $600, payable in semiannual payments of $100, leaving a third mortgage for $1,600 to be executed by the plaintiff in addition to the cash payment of $1,500.

The complaint alleges that on June 1st, 1920, the defendant Casey, in the presence of the defendant Carlson, produced a demand note and mortgage for $1,600, and falsely represented to the plaintiff that they were payable $200 annually; that the plaintiff's ability to read and understand English was very limited and not sufficient to comprehend the contents of the note and mortgage; that the plaintiff relied on the representation that the note and mortgage were pay-

able $200 annually, and signed the note and mortgage believing them to be true; that Carlson immediately transferred the note and mortgage to an innocent purchaser who had no notice of the fraud; that the purchaser soon afterward demanded payment of the mortgage note, and that plaintiff, being unable to meet the demand, has been foreclosed.

On the trial the plaintiff claimed to have proved the foregoing allegations.

The jury brought in a verdict for the plaintiff, which the court, on motion, set aside.

*Theodore E. Steiber,* for the appellants (plaintiffs).

*Joseph G. Shapiro* and *Harry Allison Goldstein,* for the appellee (defendant Carlson).

*William W. Bent,* for the appellee (defendant Casey).

BEACH, J. The trial court granted the motion to set aside the verdict upon the ground that the jury failed to follow the instructions of the court with reference to the law; and some of the reasons of appeal are based on the contents of the memorandum granting the motion to set aside the verdict. These assignments of error cannot be considered. In order to review rulings of the court made in the course of the trial a finding is necessary, and none has been made or requested.

The only assignments of error on this appeal which we can consider are those based upon the granting by the trial court of the motion to set the verdict aside, and that depends upon whether or not there was evidence from which the jury might reasonably have found this verdict. Upon the evidence before the jury the verdict against Casey must stand.

It appears, however, from the testimony, that there is not the slightest justification for a verdict against

Carlson. The plaintiff offered no testimony in support of the allegation that Casey was acting as agent for Carlson. Casey was quite willing to pose as Carlson's agent, and admitted that allegation of the complaint. Carlson denied it. Casey finally testified that his contract with Carlson was that of a purchaser and not an agent. It is in writing and in evidence. In form it is an agreement by Carlson to convey the property to Casey, or order, within fifteen days from date, for $5,900, $2,500 in cash, and $3,400 by assumption of outstanding mortgages by the purchaser. Casey, by Exhibit A, agreed to resell the property to the plaintiff for $6,500 on the terms therein stated. There is no evidence that Carlson knew the terms of Exhibit A before the closing date, and he then stood on his contract with Casey and refused to accept a mortgage in lieu of cash. As between Carlson and Casey, the matter was finally arranged by Casey agreeing to take the $1,600 demand mortgage off Carlson's hands for $1,000 cash, which was done. Nobody testified that Carlson made any representations to the plaintiff. The case against him rests wholly on the fact that he was present when the representations were made; and the assumption is that he heard them and knew that they were false. There is no direct evidence that he did, and as Carlson was under no legal duty to protect the plaintiff, no presumption arises that he heard and understood. His contract was with Casey, and his mind was occupied with the effort to protect himself against Casey's attempt to substitute a purchase money mortgage for cash.

There is error in part, and the cause is remanded with direction to enter judgment on the verdict against the defendant Casey.

In this opinion the other judges concurred.